UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Kirkpatrick Dunbar, | ) | |
|     Plaintiff, | ) | |
| v. | ) | 1:23-cv-01057 |
| | ) | |
| | ) | **ANSWER** |
| Sunflower Glass Company Inc, | ) | JURY TRIAL DEMAND |
| Et al | ) | |
|     Defendants. | ) | |

**DEFENDANT SUNFLOWER GLASS COMPANY, INC ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Sunflower Glass Company, Inc. ("Defendant"), by and through its undersigned counsel, respectfully submits the following Answer to the Complaint filed by Plaintiff, Kirkpatrick Dunbar. ("Plaintiff").

**AS FOR JURISDICTION AND PARTIES**

1. Deny knowledge or information sufficient to form a belief of the truth or falsity of Paragraph 1 of the Complaint, and deny any violation of the Americans with Disabilities Act ("ADA") by Defendant.

2. Deny knowledge or information sufficient to form a belief of the truth or falsity of Paragraph 2 of the Complaint, as this paragraph asserts legal conclusions and not factual allegations.

3. Deny knowledge or information sufficient to form a belief of the

1

truth or falsity of Paragraph 3 of the Complaint, deny any violation of the Americans with Disabilities Act ("ADA") by Defendants, but admit that Defendant Sunflower Glass Inc, is a tenant of the premises 220 Thompson Street, New York, NY 10012.

    4.    Defendant consents to venue as indicated in Paragraph "4" of the Complaint.

    5.    Defendant admits the allegations set forth in Paragraph "5" of Plaintiff's Complaint insofar as they relate to this answering Defendant.

    6.    Deny knowledge or information sufficient to form a belief of the truth or falsity of Paragraph 6 of the Complaint, as this paragraph asserts legal conclusions and not factual allegations.

    7.    The allegations in Paragraph "7" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate requirements.

    8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint.

    9.    The allegations in Paragraph "9" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

10. The allegations in Paragraph "10" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. Defendant respectfully refers to the Court all questions concerning the interpretation and legal effect of the statutes and/or regulations alluded to therein.

11. Defendant lacks sufficient information to admit or deny the truth of the factual allegations in Paragraph "11" of the Complaint.

12. Deny the allegations of Paragraph 12 of the Complaint concerning Plaintiff's attempt to visit the premises, denies that Plaintiff has ever patronized, visited or attempted to gain access to the premises, or was or is a customer of Defendant, and denies that Plaintiff was ever denied full or equal access to the premises or the ability to enter, shop or patronize the Defendant at the premises.

13. Deny the allegations of Paragraph 13 of the Complaint concerning Plaintiff's attempt to visit the premises, denies that Plaintiff has ever patronized, visited or attempted to gain access to the premises, or was or is a customer of Defendant Sunflower Glass. Defendant lacks sufficient information to admit or deny the remaining allegations.

14. Deny the allegations of Paragraph 14 of the Complaint.

## AS TO COUNT ONE:
## VIOLATION OF THE AMERICAN WITH DISABILITIES ACT

15. The allegations in Paragraph "15" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary,

16. The allegations in Paragraph "16" of Plaintiff's Complaint constitute

3

conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations in Paragraph "18" of the Complaint.

19. Defendant denies the allegations in Paragraph "19" of the Complaint.

20. Deny any violation of the ADA; deny any injury to Plaintiff or others similarly situated; Deny that Plaintiff has ever attempted to gain access to the premises, or was or is a customer of Defendant, and deny Plaintiff's conclusory and threadbare allegation that Plaintiff intends to return to Sunflower Glass or patronize Defendants' Premises in the future. Deny that Plaintiff has suffered an "injury in fact" or any injury whatsoever, since, had Plaintiff actually attempted to access the premises, Plaintiff would have found a reasonable readily achievable means of access to the premises, which has existed since the Sunflower Glass was established in the form of a deployable ramp, which has existed and continues to exist and will continue to exist were Plaintiff to patronize Defendant Sunflower Glass in the future. Since Defendants' have installed a reasonably achievable means of handicapped access to the premises, they have not discriminated against Plaintiff or any other disabled customers; in fact, Defendants have reasonably accommodated the needs of customers who suffer disabilities as defined by the ADA.

21. The allegations in Paragraph "21" of Plaintiff's Complaint

constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

22. Defendant denies the allegations in Paragraph "20" of the Complaint.

    a. Defendants have an accessible entrance at street level, due a ramp that be deployed at the request of any patron.

    b. See Paragraph 21 (a) above.

    c. Check out service at the counter is similarly accessible to both abled and disabled customers.

    d. No merchandise is actually displayed at the store; all the inventory is kept behind security Plexiglas and inaccessible to customers.

    e. The store is tiny and there is no need for directional signs for abled or disabled customers; customers enter the store and request their order, which is provided them through the security glass after payment; and

    f. See Paragraph 21 above.

23. Defendant denies the allegations in Paragraph "23" of the Complaint.

24. Defendant denies the allegations in Paragraph "24" of the Complaint.

25. The allegations in Paragraph "25" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

26. The allegations in Paragraph "26" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure

## AS TO COUNT TWO:
## VIOLATIONAS OF THE NEW YORK CITY HUMAN RIGHTS LAW

27. Defendants repeat and re-allege the contents of Paragraphs 1-26 herein in response to Paragraph 27 of the complaint.

28. The allegations in Paragraph "28" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure

29. Deny that Defendants are in violation of or have failed to comply with State or Local law.

30. Defendant denies the allegations in Paragraph "30" of the Complaint.

## AS TO COUNT THREE:
## VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

31. Defendants repeat and re-allege the contents of Paragraphs 1-30 herein in response to Paragraph 31 of the complaint.

32. The allegations in Paragraph "32" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure

33. The allegations in Paragraph "33" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal

Rules of Civil Procedure

34. Defendant denies the allegations in Paragraph "34" of the Complaint.

35. Defendant denies the allegations in Paragraph "35" of the Complaint.

**IN RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

36. In response to Paragraph 35 of the complaint, Defendants assert that Plaintiff is not entitled to monetary damages under the ADA, which are not an available remedy in this action pursuant to the ADA. Further, not only is Plaintiff not entitled to any monetary damages under Federal Law, but under State or Local law given the facts of this case, the Court should decline any supplemental jurisdiction over Plaintiff's State and local claims, which are without merit.

37. Defendants need not respond to the allegations of Paragraph 37 of the Complaint, and refer the Court to the language of the Americans with Disabilities Act, and deny any violation of any statute, law or regulation by Defendants in this case.

38. Defendants deny any entitlement to an award of attorneys' fees in this case.

**AS AND FOR DEFENDANT'S FIRST DEFENSE**

39. Plaintiff's Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

**AS AND FOR DEFENDANT'S SECOND DEFENSE**

40. Plaintiff's Complaint is barred in whole or in part to the extent Defendant relied on the directions and directives of the City of New York and/or County of New York

permitting authorities regarding the accessibility of the subject premises.

## AS AND FOR DEFENDANT'S THIRD DEFENSE

41.     Plaintiff's Complaint is barred in whole or in part to the extent the facilities provide equivalent or greater accessibility to Plaintiff and persons with disabilities.

## AS AND FOR DEFENDANT'S FOURTH DEFENSE

42.     Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the Americans with Disabilities Act and/or applicable state and local public accommodation laws.

## AS AND FOR DEFENDANT'S FIFTH DEFENSE

43.     The removal of any barriers by Defendant is excused to the extent such barrier removal is structurally infeasible and/or not readily achievable.

## AS AND FOR DEFENDANT'S SIXTH DEFENSE

44.     Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

## AS AND FOR DEFENDANT'S SEVENTH DEFENSE

45.     Plaintiff claims are barred by the applicable statute of limitations.

**AS AND FOR DEFENDANT'S EIGHTH DEFENSE**

46. Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

**AS AND FOR DEFENDANT'S NINTH DEFENSE**

47. Plaintiff's claims are barred to the extent he lacks standing to pursue such claims.

**AS AND FOR DEFENDANT'S TENTH DEFENSE**

48. At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

**AS AND FOR DEFENDANT'S ELEVENTH DEFENSE**

49. Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

**AS AND FOR DEFENDANT'S TWELFTH DEFENSE**

50. Defendant is not a proper defendant as to some or all of Plaintiff's claims.

**AS AND FOR DEFENDANT'S THIRTEENTH DEFENSE**

51. The allegations in the Complaint must be dismissed by reason of Plaintiff's failure to comply with one or more conditions precedent to filing the within lawsuit.

**AS AND FOR DEFENDANT'S FOURTEENTH DEFENSE**

52. Plaintiff's claims, are barred because, to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the modification of such barriers is not readily achievable.

**AS AND FOR DEFENDANT'S FIFTEENTH DEFENSE**

53. The applicable statutory ceilings on recoverable damages must limit any damages recovered by Plaintiff from Defendant.

**AS AND FOR DEFENDANT'S SIXTEENTH DEFENSE**

54. To the extent Defendant is determined to be liable, it is entitled to contribution from the operator of the leased premises based on its actions, inactions, negligence, recklessness and/or other conduct, including but not limited to it actions alleged in Plaintiff's Complaint.

**AS AND FOR DEFENDANT'S SEVENTTENTH DEFENSE**

55. Plaintiff's claims, are barred because, to the extent architectural barriers alleged by Plaintiff exist (which supposition is explicitly denied and merely stated for the purpose of this additional defense) the barriers are *de minimis* and/or are within conventional building industry tolerances.

**AS AND FOR DEFENDANT'S EIGHTEENTH DEFENSE**

56. Any auxiliary aids and services alleged to be required would constitute an undue burden as defined in the Treasury Regulations as "significant difficulty or expense" and is not required.

### AS AND FOR DEFENDANT'S NINETEENTH DEFENSE

57.     The Complaint was not initiated in good faith and is barred by the doctrine of unclean hands.

### AS AND FOR DEFENDANT'S TWENTIETH DEFENSE

58.     Plaintiff is not entitled to injunctive relief because he has failed to show an injury-in-fact or a threat of real and immediate harm.

### AS AND FOR DEFENDANT'S TWENTY-FIRST DEFENSE

59.     The Complaint must be dismissed because Plaintiff has not shown, and does not have, a good faith intent to return to the subject property and patronize its facilities.

### AS AND FOR DEFENDANT'S TWENTY-SECOND DEFENSE

60.     From January 26, 1990 through the present there has been no alteration(s) and/or repair(s) or remodeling or re-design to the interior of the premises that would have any affect on the usability of or access to an area containing the primary function of the subject premises or any other service(s) rendered to the public.

### RESERVATION TO ASSERT ADDITIONAL DEFENSES

61.     The Complaint is presented in conclusory and vague terms, which prevents Defendant from anticipating all affirmative defenses and claims that may be applicable to this action.  Therefore, Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery.

## JURY DEMAND

62. Defendants herein demand trial by Jury.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's claims, together with the costs disbursements, and reasonable attorneys fees of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, NY
04 May, 2023

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002